IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-cv-00443

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **COMPLAINT** ) |
| GREYSTONE WW COMPANY, LLC, | ) ) |
| Defendant. | ) ) |

NOW COMES Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its attorneys, and for its Complaint against Defendant, Greystone WW Company, LLC ("Greystone"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations under an Apartment Pac custom insurance policy issued by Travelers to Greystone, policy number 680-1F531365-14-42, with an effective policy period from October 20, 2014 to October 20, 2015 ("the Policy"). A certified copy of the policy is attached as Exhibit A.

## THE PARTIES

2. Travelers is incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut and is therefore a citizen of the State of Connecticut.

3. Greystone is a registered North Carolina limited liability company with its principal place of business in Chevy Chase, Maryland.

4. Robert J. Gage is a managing member of Greystone. Mr. Gage is a citizen of the State of Maryland.

5. David E. Kaplan is a member of Greystone. Mr. Kaplan is a citizen of the District of Columbia.

6. Greystone Investment Company, LLC is a member of Greystone.

7. Greystone Investment Company, LLC is a registered North Carolina limited liability company with its principal place of business in Chevy Chase, Maryland.

8. RJG Discretionary GST Trust, RJG Non-Marital Spousal Trust FBO Charles J Gage, RJG Non-Marital Spousal Trust FBO Rachel E Gage are all members of Greystone Investment Company, LLC and all are citizens of the State of Maryland.

9. Greystone is therefore a citizen of the State of Maryland and the District of Columbia.

## JURISDICTION

10. This Court possesses original jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different states.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district. In addition a substantial part of property that is the subject of the action is situated in Wake County which is situated in this judicial district (28 USC § 113(a)). Further, Greystone does business in this judicial district.

## FACTUAL BACKGROUND

12. The insured location under the Policy is a 13-building apartment complex in Knightdale, North Carolina known as Greystone at Widewaters.

13. The apartment complex was constructed in 2006.

14. Each apartment building has multiple roof-covered balcony stacks consisting of two or three balconies and a ground floor patio.

15. In total, there are 104 three- or four-story balcony stacks consisting of 104 ground floor patios and 224 balconies.

16. During the original construction of the apartment complex in 2006, the wrong flexible flashing was used in the construction of the balconies in violation of the project specifications.

17. In addition, during the original construction of the apartment complex in 2006, metal flashing was used in the construction of the balconies in violation of the project details.

18. Further, during the original construction of the apartment complex in 2006, the flexible flashing and the metal flashing were installed in the balconies improperly.

19. As a result of faulty/inadequate workmanship, faulty/inadequate construction and use of faulty/inadequate materials during the original construction, the balcony decks and adjacent building components have experienced long-term wet rot, deterioration, decay, mold and mildew.

20. The wet rot, deterioration, decay, mold and mildew commenced following completion of the initial defective construction in 2006 and, upon information and belief, continue to this day.

21. Greystone claims that it first discovered wet rot, deterioration, decay, mold and mildew damage on September 3, 2015.

22. On October 15, 2015, Greystone notified its insurance agent of a potential insurance claim, but neither Greystone nor its agent provided notice of loss to Travelers at that time because Greystone's agent had advised Greystone that the loss was not covered.

23. On October 15, 2015, Greystone also put its general contractor, C.F. Evans & Company, and its architect, Lessard Design, Inc., on notice of "a latent defect in which water has infiltrated and caused damage to the interior of the soffit and bulkhead of certain of our apartments."

24. On September 20, 2016, nearly a year after the subject policy expired on October 20, 2015, Travelers received notice of a claim for "water penetration in the interior of a soffit and bulkhead on the upper exterior walls of some [of] the balconies." The date of loss was reported as October 15, 2015 which coincides with the date when Greystone first notified its insurance agent of a potential claim.

25. Travelers issued insurance policy, number 680-1F531365-14-42, to Greystone with an effective policy period from October 20, 2014 to October 20, 2015 ("Policy").

26. The Policy provides, in relevant part, as follows:

**BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM**
\*\*\*
**B. EXCLUSIONS**
\*\*\*
    **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
\*\*\*
    **2.** We will not pay for loss or damage caused by or resulting from any of the following:
\*\*\*
        **d.** **(1)** Wear and tear;

      **(2)**    Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***

But if an excluded cause of loss that is listed in Paragraphs **(1)** through **(8)** above results in a "specified cause of loss", building glass breakage or "breakdown" to "covered equipment" (only if otherwise a Covered Cause of Loss), we will pay for the loss or damage caused by that "specified cause of loss", building glass breakage or "breakdown" to "covered equipment" (only if otherwise a Covered Cause of Loss).

***

**3.**    We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs **a.** through **c.**  But if an excluded cause of loss that is listed in Paragraphs **a.** and **b.** below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.

***

    **c.**    Faulty, inadequate or defective:
        **(1)**    Planning, zoning, development, surveying, siting;
        **(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        **(3)**    Materials used in repair, construction, renovation or remodeling; or
        **(4)**    Maintenance;
of part or all of any property on or off the described premises.
If an excluded cause of loss that is listed in Paragraphs **(1)** through **(4)** above results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss. But we will not pay for:
          **(1)**    Any cost of correcting or making good the fault, inadequacy or defect itself, including any cost incurred to tear down, tear out, repair or replace any part of any property to correct the fault, inadequacy or defect; or
          **(2)**    Any resulting loss or damage by a Covered Cause of Loss to the property that has the fault, inadequacy or defect until the fault, inadequacy or defect is corrected.

***

**F.**    **COMMERCIAL PROPERTY CONDITIONS**

***

    **8.**    **Policy Period, Coverage Territory**
        Under this Coverage Form:
        **a.**    We cover loss or damage you sustain through acts committed or events occurring:

-5-
Case 5:17-cv-00443-D   Document 1   Filed 08/31/17   Page 5 of 9

>> **(1)** During the policy period shown in the Declarations; and

\*\*\*

### FUNGUS, WET ROT, DRY ROT AND OTHER CAUSES OF LOSS CHANGES

\*\*\*

> **B.** The EXCLUSIONS contained in Section **B.** of the BUSINESSOWNERS PROPERTY COVERAGE FORM are amended as follows:
>
>> **1.** The following exclusion is added to **B.1.**:
>>
>> **"Fungus", Wet Rot or Dry Rot**
>>
>>> **a.** We will not pay for loss or damage, or any increase in the amount of loss or damage, caused directly or indirectly by or resulting from the presence, growth, proliferation, spread or any activity of "fungus", wet rot or dry rot.
>>>
>>> But if "fungus", wet rot or dry rot results in a "specified cause of loss", we will pay for loss or damage caused by that "specified cause of loss".
>>>
>>> This exclusion does not apply:
>>>
>>>> **(1)** When "fungus", wet rot or dry rot results from fire or lightning; or
>>>>
>>>> **(2)** To the extent that coverage is provided in the Additional Coverage – Limited "Fungus", Wet Rot or Dry Rot in Section **C.1.** below of this endorsement with respect to loss or damage by a cause of loss other than fire or lightning.

\*\*\*

27. On February 3, 2017, Travelers denied Greystone's claim based on the "faulty workmanship", fungus, wet rot, decay and deterioration exclusions and because the claimed loss occurred over a long period of time since the completion of the initial construction and not during the policy period. In addition, Greystone had failed to give timely notice of the loss.

28. On April 24, 2017, Greystone's public adjuster expressed his disagreement with Travelers' denial and requested that Travelers re-evaluate its coverage position.

29. On August 3, 2017, Travelers responded to Greystone's public adjuster, reaffirming the denial of coverage, and further explaining that the claim was not covered because: (1) the claimed loss did not occur during the policy period; (2) the exclusions for fungus, wet rot, decay and deterioration preclude coverage for the claimed loss; (3) the "resulting loss" exception to the "faulty workmanship" exclusion does not apply because there is no

"resulting loss"; and (4) the claimed "resulting loss" is itself barred by the exclusions for fungus, wet rot, decay and deterioration.

## COUNT I

## DECLARATORY JUDGMENT

30. Travelers restates and realleges Paragraphs 1 – 29 as Paragraph 30 as if fully set forth herein.

31. There is no coverage because the claimed losses did not occur during the Travelers policy period.

32. In the alternative, the "faulty workmanship" exclusion bars coverage for all "loss or damage caused by or resulting from … [f]aulty, inadequate or defective … workmanship … construction, [or] [m]aterials used in repair, construction, renovation or remodeling …."

33. The "resulting loss" exception to the "faulty workmanship" exclusion does not apply because there is no "resulting loss".

34. The claimed "resulting loss" is itself barred by the exclusions for fungus, wet rot, decay and deterioration.

35. In addition, the Policy exclusion for fungus and wet rot precludes coverage for all loss or damage caused directly or indirectly or resulting from fungus and wet rot "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

36. An existing and actual controversy exists between Travelers and Greystone concerning the parties' rights and obligations with regard to the Policy.

WHEREFORE, Plaintiff, Travelers Property Casualty Company of America, prays that judgment be entered in its favor and against Defendant, Greystone WW Company, LLC, declaring:

a) That there is no coverage for Greystone's claim;

b) That there is no coverage because the losses did not occur during the Travelers policy period;

c) Alternatively, there is no coverage because the "faulty workmanship" exclusion bars coverage for all "loss or damage caused by or resulting from … [f]aulty, inadequate or defective … workmanship … construction, [or] [m]aterials used in repair, construction, renovation or remodeling …";

d) The "resulting loss" exception to the "faulty workmanship" exclusion does not apply because there is no "resulting loss";

e) The claimed "resulting loss" is itself barred by the exclusions for fungus, wet rot, decay and deterioration;

f) The exclusion for fungus and wet rot precludes coverage for all loss or damage caused directly or indirectly or resulting from fungus and wet rot; and

g) That the Court grant such other, further and different relief as the Court deems equitable and proper.

Respectfully submitted, this the 31st day of August, 2017.

*/s/ James A. Dean*

_____

James A. Dean
N.C. State Bar No. 39623
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3593
Facsimile: (336) 726-9057
E-mail: jdean@wcsr.com


Matthew S. Ponzi
Illinois State Bar No. 6198984
Kirk M. Zapp
Illinois State Bar No. 6226428
Foran Glennon Palandech Ponzi
& Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5070
(312) 863-5028
Facsimile: (312) 863-5099
E-mail: mponzi@fgppr.com
kzapp@fgppr.com

Attorneys for Plaintiff Travelers Property Casualty
Company of America